Moss v. Moss *et al.*

Deed: MOTHER TO SON : UNDUE INFLUENCE. Action by the guardian of an aged woman to set aside a deed by her to her son on the ground of mental weakness and undue influence. Upon consideration of the evidence (see opinion), *held* that the deed by the mother, and the notes and mortgage made by the son for a part of the price of the land, were executed in pursuance of an agreement fairly made between the parties, which was not oppressive or unconscionable toward the mother, and that the conveyance should therefore stand. [ BECK, J., *dissenting.*]

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

FILED. OCTOBER 25, 1889.

ACTION in chancery to set aside a deed to certain lands, executed by plaintiff's ward. After a trial on the merits, plaintiff's petition was dismissed. She now appeals to this court.

*J. J. Russell*, for appellant.

*J. Carskaddan*, for appellees.

BECK, J.—I. The petition alleges that plaintiff's ward was seventy-five years of age, and of feeble body and mind, at the time of the transactions which constitute plaintiff's cause of action; that she owned about seventy acres of land of the value of about three hundred dollars, and that she was the mother of the guardian and of the defendant Levi Moss; the other defendant being his wife. It is further averred that defendant Levi, through undue influence which he exercised over his mother, and by unfair advantage taken of her confiding regard for him, and her ignorance, induced her to execute without consideration a deed to him for the land. The defendant, in his answer, denies that he procured the execution of the deed by the means and in the manner alleged in the petition, and alleged that it was voluntarily executed by his mother, without inducement on his part, for the purpose of making a disposition of her property in a manner before determined upon by her; and that she had full capacity to execute the deed, or to make other disposition of her property.

II. We find from the evidence before us that, though plaintiff's ward was seventy-five years of age, she was not unusually feeble in mind or body for a person of her age. She had a number of children, all of whom, except defendant Levi and three others, received advancements in lands or money. Plaintiff's ward proposed to convey to defendant thirty of the seventy acres of land owned by her as an advancement to defendant. She also intended to lease the forty acres to him, or permit him to hold it upon payment of

rent to her. She did not propose to convey to him the forty acres. Having this intention, and such an understanding with Levi, she went with him to a lawyer for the purpose of having proper papers executed to carry out her intention. The matter was talked over in the presence of the lawyer, but what was said is not made to appear. The lawyer has a very indistinct recollection of the conversation of the parties, and seems wholly ignorant of their understanding, as shown by their conversation, had prior to their coming to him. The deed was executed on that day, pursuant to the agreement of the parties as understood by the lawyer, and defendant on another day returned and executed a mortgage upon forty acres of the land to secure four promissory notes for five hundred dollars, due in ten, eleven, twelve and thirteen years, respectively, and drawing interest at six per centum per annum. Defendant declares that the agreement was changed in the conversation had in the presence of the lawyer, but the lawyer does not testify to such a change. The mother, in her evidence, exhibits a strong bias for her son Levi, and insists that the transaction was fair and honest, and in accord with her wishes. But she most positively insists that she still owns the forty-acre tract of land, and that under the arrangement she was to continue to own it, and her son was to pay her rent for it. She insists that the purpose of executing the mortgage was to secure to her the title of the forty acres and rent therefor. At the trial her mind was impaired to an extent justifying the appointment of a guardian for her. This impairment occurred after the execution of her deed to her son.

III. A majority of the court think that the evidence authorizes a conclusion that the deed by the mother, and the notes and mortgage by the son, were executed in pursuance of an agreement fairly made between the parties, which is in no degree oppressive or unconscionable as to the mother. They therefore think that the contract and conveyances should be upheld and enforced. Upon a consideration of the evidence I reach

a different conclusion. I think that the deed and mortgage are not in accord with the contract entered into between the mother and son, and that their minds never met upon the terms requiring their execution. She did not, when she gave her testimony, believe that she had parted with the title to the land, or that she had ever assented to a contract requiring her to do so. I need not inquire whether the contract is reasonable and conscionable, as I am clear the mother never gave her assent to it, and executed the deed in ignorance of its effect. I would reverse the judgment of the district court; but, as the other members of the court think the other way, it is                    AFFIRMED.